United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KENG JURAI,<br><br>Plaintiff,<br><br>v.<br><br>HALLCON CORPORATION, et al.,<br><br>Defendants. | Case No. 25-cv-08423-LB<br><br>**ORDER ADDRESSING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 24, 35 |

**INTRODUCTION**

The plaintiff in this employment-discrimination case, who is of Thai national origin and is representing himself, worked as a bus driver at Hallcon Corporation, where he drove a route for Google LLC. The plaintiff has sued Google and its contractors multiple times. In 2024, he sued Google and WeDriveU Inc. (No. 3:24-cv-07984-LB) for race-based employment discrimination, and the case settled in May 2025.[1] In August 2025, he sued Google and Storer Transportation Service (No. 3:25-cv-07093-LB).[2] Google filed two motions to dismiss in that case, and the court granted them, largely because the claims were barred by res judicata from the settlement in No.

---

[1] *See* Dkt., No. 3:24-cv-07984-LB.

[2] *See* Dkt., No. 3:25-cv-07093-LB.

ORDER – No. 25-cv-08423-LB

3:24-cv-07984-LB and because the plaintiff did not exhaust administrative remedies.[3] In October 2025, the plaintiff filed this case against Google and Hallcon, asserting claims for race discrimination under Title VII of the Civil Rights Act of 1964 (claim one) and 42 U.S.C. § 1981 (claim two), retaliation under Title VII and § 1981 (claim five), disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. (claims four and seven), and age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1) (claims three and six). The defendants separately moved to dismiss, contending that the plaintiff has not pleaded sufficient detail for plausible claims (particularly evidence of race discrimination), he did not exhaust administrative remedies for his age- and disability-discrimination claims, and the claims against Google are barred by res judicata.

The court grants in part and denies in part Hallcon's motion. The plaintiff's Title VII and § 1981 claims for race discrimination survive because the plaintiff pleaded that his supervisors made derogatory comments about his race. The remaining claims lack sufficient factual support and are dismissed. The court dismisses the claims against Google as barred by res judicata.

## STATEMENT

The plaintiff — who was born in Thailand and is a dual Thai and American citizen — worked for Hallcon as a bus driver from June 2019 to December 2023, driving a fixed-bus route to transport Google employees.[4] The plaintiff has ten years of experience in transportation industries and possesses a bachelor's degree in management and a class B commercial driver license with passenger endorsement.[5] In 2019, the plaintiff was denied health-insurance benefits and badge access to Google facilities when non-Thai drivers were provided both.[6]

---

[3] Orders, No. 3:25-7093-LB – ECF Nos. 28, 42. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. Citations refer to Case No. 3:25-cv-08423-LB unless indicated otherwise.

[4] First Am. Compl. (FAC) – ECF No. 22 at 3 (¶ 9). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[5] *Id.* (¶ 10).

[6] *Id.* at 3–4 (¶¶ 13–14).

ORDER – No. 25-cv-08423-LB                    2

United States District Court
Northern District of California

Between March 2022 and December 2023, the plaintiff was demoted from his fixed route (loop #35 and loop #41) and given "constantly changing routes and buses" for less pay, while non-Thai drivers were kept on their same routes and received higher pay and better conditions.[7] The plaintiff's supervisors (Rodrigo, Ryan, Whoa, Henry, Nicole, and Dharjit) told him that Google transportation dispatch had given his route to non-Thai drivers and that he "needed to take whatever was left over or leave the company."[8]

Dispatch also gave the plaintiff's fixed bus to non-Thai drivers, forcing the plaintiff to drive unsafe buses with mechanical defects when non-Thai drivers had safe buses.[9] When the plaintiff complained about the unsafe conditions and bus defects, his supervisors told him that "a Thai driver deserved unsafe conditions" and "must take whatever was left" or be sent home without pay.[10] The plaintiff complained to supervisors multiple times about how he had to change buses every day and work in unsafe conditions when non-Thai drivers did not, and supervisors Henry and Whoa said that "a Thai driver deserved it."[11] The plaintiff complained about interlock defects and safety issues with bus #113 and refused to drive it because of safety issues, and one of his supervisors suspended the plaintiff and sent him home without pay.[12]

The plaintiff asked his supervisors to provide him with ADA accommodations, but they did not do so.[13]

The plaintiff was fired in December 2023.[14] He filed a charge of discrimination with the California Civil Rights Department and Equal Employment Opportunity Commission (EEOC)

---

[7] *Id.* at 4 (¶ 15).

[8] *Id.* (¶ 16).

[9] *Id.* (¶ 17).

[10] *Id.* at 5 (¶ 18).

[11] *Id.* (¶ 19).

[12] *Id.* (¶ 20).

[13] *Id.* (¶ 21).

[14] *Id.* at 6 (¶ 22).

describing "unfair treatment" by his supervisors "because of the color of [his] skin and nationality."[15] On July 7, 2025, the EEOC issued a notice of the plaintiff's right to sue.[16]

In November 2024, the plaintiff sued Google and one of its third-party contractors, WeDriveU LLC, alleging that he was denied a position with WeDriveU and Google because of his Asian-Thai descent.[17] The parties agreed to a settlement where the plaintiff released all claims in the suit (and those he could have brought) in exchange for monetary consideration.[18] On May 5, 2025, the plaintiff filed a motion to dismiss the action against Google and WeDriveU with prejudice, which the court granted.[19]

When the plaintiff filed this lawsuit, he sued Hallcon under the wrong name (Hallcon Transportation). He moved to amend to correct his misnaming of Hallcon, which the court granted.[20] In addition to fixing Hallcon's name, the plaintiff added new allegations and causes of action.[21]

The parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c)(1). The court can decide the motion without argument. Civil L.R. 7-1(b).

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir.

---

[15] Charge of Discrimination, Ex. A to Compl. – ECF No. 1 at 13.

[16] Notice of Rights, Ex. A to Compl. – ECF No. 1 at 12.

[17] Compl., No. 3:24-cv-07984-LB – ECF No. 1.

[18] Dkt. Entry, No. 3:24-cv-07984-LB – ECF No. 42.

[19] Order, No. 3:24-cv-07984-LB – ECF No. 45.

[20] Mot. – ECF No. 16; Order – ECF No. 18.

[21] *Compare* Compl. – ECF No.1, *with* FAC – ECF No. 22.

ORDER – No. 25-cv-08423-LB                4

2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### ANALYSIS

Hallcon contends that the complaint should be dismissed because the plaintiff added allegations to the FAC without permission, did not plead sufficient details to support plausible claims, and did not exhaust administrative remedies for his age- and disability-discrimination claims. Google makes similar argument and adds that the claims against it are barred by res judicata. The plaintiff responds that the allegations of his complaint support plausible claims.

The plaintiff has pleaded specific statements by his supervisors supporting plausible race-discrimination claims, but the court dismisses the remaining claims against Hallcon for the reasons it advances. The claims against Google are barred by res judicata and dismissed with prejudice. The court does not address claims or allegations added in the plaintiff's oppositions because he may not amend his complaint through briefing. *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1183 n.8 (N.D. Cal. 2021). The court also does not consider the plaintiff's response to Hallcon's reply. Civil L.R. 7-3(d).

### 1. Hallcon's Motion

The issues are whether the claims and allegations added in the FAC should be struck, whether the plaintiff pleaded specific discriminatory statements to support his Title VII discrimination claim, whether his at-will employment supports the contractual-right requirement for his § 1981 discrimination claim, whether the plaintiff exhausted his administrative remedies for the age- and disability-discrimination claims, and whether he pleaded sufficient facts to plead a plausible retaliation claim.

United States District Court
Northern District of California

First, the court does not dismiss any part of the amended complaint on the basis that the plaintiff exceeded the court's order allowing amendment to Hallcon's name. Because the court would have allowed the plaintiff to amend the allegations in the complaint, Hallcon was not prejudiced by the amendment.[22] Going forward, the plaintiff must follow all court rules (including the Civil Local Rules and the Federal Rules of Civil Procedure) and should seek assistance from the court's help desk as needed.

Second, the plaintiff has plausibly pleaded a claim for employment discrimination under Title VII (claim one). Title VII requires a plaintiff to show that (1) she is a member of a protected class, (2) she was qualified for the position and was performing satisfactorily, (3) she experienced an adverse employment action, and (4) similarly situated persons outside the protected class were treated more favorably. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). To establish element four, a plaintiff must allege either direct evidence of discrimination (such as derogatory comments about her gender or race) or circumstantial evidence of favorable treatment of similarly situated persons outside the protected class or other circumstances about the adverse employment action that allows an inference of discrimination. *Austin v. City of Oakland*, No. 17-CV-03284 YGR, 2018 WL 2427679, at *4 (N.D. Cal. May 30, 2018).

Hallcon contends that the plaintiff has only alleged conclusions without identifying specific discriminatory comments.[23] While some of his allegations are conclusory, the plaintiff also included specific statements by his supervisors that "a Thai driver deserved unsafe conditions" and "must take whatever was left." Hallcon cites *Liu v. Uber Technologies, Inc.* to illustrate that the plaintiff must allege more than his own experiences to support his claims, but that case is distinguishable because Liu primarily asserted a disparate-impact claim, which is not an issue here. 551 F. Supp. 3d 988, 990–92 (N.D. Cal. 2021). Thus, the court denies the motion as to claim one.[24]

---

[22] Mot. – ECF No. 24-1 at 13–14.

[23] *Id.* at 10.

[24] FAC – ECF No. 22 at 5 (¶¶ 18–19).

United States District Court
Northern District of California

Third, the plaintiff has also pleaded a plausible claim for discrimination under § 1981 (claim two). To state a § 1981 discrimination claim against a private defendant, a plaintiff must allege that (1) he is a member of a racial group, (2) some contractual right with the defendant was impaired, (3) the defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment. *Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020)). For both race-discrimination and retaliation claims, "a plaintiff must prove that the defendant acted against him with discriminatory intent." *Stones v. L.A. Cmty. Coll. Dist.*, 796 F.2d 270, 272 (9th Cir. 1986) (citing *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982) ("§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination.")). At-will employment can serve as the predicate contract for a discrimination claim under § 1981. *Mendoza v. Kindred Healthcare Operating, Inc.*, No. 11-cv-00666-YGR, 2012 WL 2055007, at *14 (N.D. Cal. June 5, 2012) (citing *Skinner v. Maritz, Inc.*, 253 F.3d 337, 340 (8th Cir. 2001); *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 262–63 (2d Cir. 2000)).

Hallcon contends that the plaintiff did not plead facts identifying intentional discrimination or specific contractual rights.[25] The same discriminatory statements identified above serve here too. The plaintiff's employment with Hallcon is a contractual right, and he sufficiently pleaded that Hallcon's conduct impaired the conditions of that right. The motion is denied as to claim two.

Fourth, the complaint lacks sufficient detail to plead a plausible retaliation claim against Hallcon. To state a prima facie case of retaliation, a plaintiff must show that she engaged in a protected activity under the statute, her employer subjected her to an adverse employment action, and there is a causal link between these two events. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Temporal proximity between the protected activity and adverse action may establish a causal link. *Flores v. City of Westminster*, 873 F.3d 739, 750 (9th Cir. 2017) ("[D]epending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation."). If a plaintiff relies solely on temporal proximity, the timing

---

[25] Mot. – ECF No. 24-1 at 11.

ORDER – No. 25-cv-08423-LB                7

must be "very close." *Williams v. Tucson Unified Sch. Dist.*, 316 F. App'x 563, 564 (9th Cir. 2008); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (citing cases determining that three- and four-month periods were insufficient).

The plaintiff pleaded that Hallcon retaliated against him "for opposing discrimination and filing the previous lawsuit in 2024, the lawsuit in 2025, and the EEOC charge in 2024."[26] Without details about when the plaintiff applied for a job, what that job was, when he was rejected, or the contents of the rejection, the plaintiff has not established a prima facie case of retaliation.[27]

Finally, the plaintiff's age- and disability-discrimination claims (claims three, four, six, and seven) are barred for failure to exhaust his administrative remedies and are not plausibly pleaded.[28] The plaintiff appears to contend that the 2024 EEOC charge included allegations of age and disability discrimination and that the claims in the EEOC are reasonably related to them.

A plaintiff must exhaust ADA, ADEA, and Title VII claims by filing a written charge with the EEOC or a qualifying state agency. 42 U.S.C. § 12177(a); *Scott v. Gino Morena Enters.*, 888 F.3d 1101, 1104 (9th Cir. 2018) (Title VII claims) (citing 42 U.S.C. § 2000e-5); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1013 (N.D. Cal. 2018) (ADEA claims) (citing 29 U.S.C. § 626(d)); *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999) (ADA claims) (citing 42 U.S.C. § 12117(a)). Allegations of discrimination not included in the plaintiff's administrative charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (cleaned up), *abrogated on other grounds by Fort Bend County v. Davis*, 587 U.S. 541 (2019). Courts consider "such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Vasquez*, 349 F.3d at 644.

---

[26] FAC – ECF No. 22 at 7.

[27] Mot. – ECF No. 24-1 at 15.

[28] *Id.* at 12–14, 16–18.

ORDER – No. 25-cv-08423-LB                 8

On this record, the plaintiff has not established that he exhausted his administrative remedies. The 2024 EEOC contains no details about instances of disability or age discrimination. The FAC also lacks these details. Without more specifics, the plaintiff has not shown that the age or disability discrimination that he alleges was reasonably related to the race discrimination allegations in the EEOC. For the same reasons, the plaintiff has not plausibly pleaded claims for age or disability discrimination.

### 2. Google's Motion

The claims against Google are dismissed. First, the court denies the plaintiff's motion for default judgment because the Clerk of Court declined his request for an entry of default against Google.[29] *Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998) ("[D]efault judgment may be entered only upon the entry of default by the Clerk of the Court.").

Second, the claims against Google are barred by res judicata. The doctrine of res judicata, or "claim preclusion," bars parties from relitigating claims that they raised or could have raised in a prior lawsuit between the same parties. *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 599 (2016), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022); *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987). For the doctrine to apply, there must be (1) an identity of claims, (2) a final judgment on the merits, and (3) privity among the parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). A plaintiff's naming additional parties does not destroy res judicata as to a defendant included in both actions. *Kaufman v. Int'l Long Shore & Warehouse Union*, No. 16-CV-03386-JST, 2017 WL 3335760, at *3 (N.D. Cal. Aug. 4, 2017) (citing *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir. 1992)).

The plaintiff did not address claim preclusion in his opposition, but even if he had, the record shows that his claims are barred by res judicata: the cases involve the same nucleus of facts

---

[29] Reply – ECF No. 45 at 2–3.

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

(similar alleged conduct, timeframe, and claims), there was a final judgment on the merits, and the parties are the same.[30] Even if the plaintiff's claims against Google were not barred by res judicata, the claims for retaliation and discrimination based on age and disability would fail for the same reasons identified above.[31] The claims against Google are dismissed with prejudice because amendment would be futile.

## CONCLUSION

The court dismisses the plaintiff's claims against Hallcon for retaliation (claim five) and age and disability discrimination (claims three, four, six, and seven) without prejudice. The race-discrimination claims (claims one and two) against Hallcon survive. The plaintiff should file a supplement to the complaint by March 2, 2026, explaining in more detail who harmed him, when they harmed him, what they said or did, and (for claims three, four, six, and seven) any facts establishing administrative exhaustion of the claims. The court dismisses with prejudice all claims against Google as barred by res judicata. This resolves ECF Nos. 24 and 35.

**IT IS SO ORDERED.**

Dated: February 8, 2026

_____
LAUREL BEELER
United States Magistrate Judge

[30] *Id.* at 3.

[31] *Id.* at 4–5.