UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

KENG JURAI,

        Plaintiff,

        v.

HALLCON CORPORATION, et al.,

        Defendants.

Case No. 25-cv-08423-LB

**ORDER ADDRESSING MOTIONS**

Re: ECF Nos. 54, 55, 59, 78

### INTRODUCTION AND STATEMENT

The plaintiff in this employment-discrimination case, who is of Thai national origin and is representing himself, worked as a bus driver at Hallcon Corporation, where he drove a route for Google LLC. The plaintiff has sued Google and its contractors multiple times. In 2024, he sued Google and WeDriveU Inc. (No. 3:24-cv-07984-LB) for race-based employment discrimination, and the case settled in May 2025.[1] In August 2025, he sued Google and Storer Transportation Service (No. 3:25-cv-07093-LB).[2] Google filed two motions to dismiss in that case, and the court

---

[1] *See* Dkt., No. 3:24-cv-07984-LB.

[2] *See* Dkt., No. 3:25-cv-07093-LB.

ORDER – No. 25-cv-08423-LB

granted them, largely because the claims were barred by res judicata from the settlement in No. 3:24-cv-07984-LB and because the plaintiff did not exhaust administrative remedies.[3]

The plaintiff filed this case against Google and Hallcon in October 2025, asserting claims for (1) race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, (2) retaliation under Title VII and § 1981, (3) disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and (4) age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1). Google and Hallcon filed motions to dismiss. The court granted Google's motion because the plaintiff's claims are barred by res judicata. The court denied Hallcon's motion as to his claims for employment discrimination under Title VII and § 1981 and dismissed without prejudice the remaining claims, allowing the plaintiff to file a supplemental complaint addressing the deficiencies.[4] The plaintiff moved for reconsideration of the court's dismissal of his claims against Google.[5]

The plaintiff reorganized his claims in the supplemental complaint and added new ones, asserting claims for unlawful employment practices, discrimination, and retaliation under Title VII (claim one), discrimination and retaliation under § 1981 (claim two), age discrimination under the ADEA (claim three), disability discrimination under the ADA (claim four), harassment and failure to accommodate his religious practices (claim five), wrongful termination in violation of public policy (claim six), and fraud (claim seven).

In September and December 2021, February 2022, and February or March 2023 the plaintiff reported mechanical issues with his bus (engine light on, smoke coming from the engine, and malfunctions with the windshield wiper and driver's seat), and Hallcon dispatch told him to continue using the bus each time.[6] From March 2022 to December 2023, the plaintiff's supervisors

---

[3] Orders, No. 3:25-7093-LB – ECF Nos. 28, 42. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. Citations refer to Case No. 3:25-cv-08423-LB unless indicated otherwise.

[4] Order – ECF No. 47.

[5] Mot. – ECF No. 54.

[6] Suppl. Compl. – ECF No. 50 at 11–12 (¶ 30).

"consistently moved Plaintiff from one bus to another" in unsafe conditions.[7] The plaintiff repeatedly asked his supervisors to let him keep the same bus and for religious accommodation because he needed fifteen minutes to pray and meditate inside the bus before starting his shift. His supervisors responded that the plaintiff could "go home and practice" his religion.[8]

On November 19, 2023, the plaintiff sent a complaint to the director of Google transportation services about incidents of "the rejection and discrimination" that occurred from October 2023 to November 10, 2023, but received no response.[9] The plaintiff also filed for workers' compensation benefits in November 2023.[10] In January 2024, the plaintiff was terminated from Google transportation operations.[11]

The motions before the court are (1) Hallcon's motions to dismiss all but the plaintiff's race-discrimination claims and impose sanctions against the plaintiff, (2) Google's motion for attorney's fees, and (3) the plaintiff's motions to reconsider the court's dismissing his claims against Google based on res judicata and to stay Google's motion for attorney's fees pending his appeal. The court dismisses the plaintiff's ADA and ADEA claims with prejudice, but the retaliation claims against Hallcon survive. The court denies Hallcon's motion for sanctions and Google's motion for attorney's fees. The plaintiff's application for a stay is terminated as moot.

### STANDARD OF REVIEW

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It may fail by lacking a cognizable legal theory or sufficient facts under one. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts factual allegations as true and construes them in the light

---

[7] *Id.* at 11 (¶ 28).

[8] *Id.* (¶ 29).

[9] *Id.* at 13 (¶ 37).

[10] *Id.* (¶ 39).

[11] *Id.* (¶ 37).

most favorable to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). But allegations must state a plausible claim. *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

### 1. Motion to Dismiss

The issues are (1) whether the plaintiff has addressed the deficiencies for his ADA, ADEA, and retaliation claims, (2) whether the plaintiff improperly added new claims in the supplemental complaint, and (3) whether the plaintiff's conduct warrants sanctions.

First, the plaintiff's supplemental complaint does not fix the issues with his age- and disability-discrimination claims. The court asked the plaintiff to provide details about instances of age or disability discrimination or facts showing how any alleged instances were reasonably related to the race discrimination allegations in the EEOC to show administrative exhaustion.[12] The plaintiff has not done so. Because the plaintiff's amendments have not cured these deficiencies, the court dismisses his claims for age and disability discrimination with prejudice.

Second, the plaintiff has cured the issues with his claims for retaliation under Title VII and § 1981. To state a prima facie case of retaliation, a plaintiff must show that she engaged in a protected activity under the statute, her employer subjected her to an adverse employment action, and there is a causal link between these two events. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Temporal proximity between the protected activity and adverse action may establish a causal link. *Flores v. City of Westminster*, 873 F.3d 739, 750 (9th Cir. 2017) ("[D]epending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation."). If a plaintiff relies solely on temporal proximity, the timing must be "very close." *Williams v. Tucson Unified Sch. Dist.*, 316 F. App'x 563, 564 (9th Cir. 2008); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (citing cases determining

---

[12] Order – ECF No. 47 at 8–9.

United States District Court
Northern District of California

that three- and four-month periods were insufficient); *Bagley v. Bel-Aire Mech. Inc.*, 647 F. App'x 797, 800–01 (9th Cir. 2016) (a thirty-six-day period was sufficient).

The court asked the plaintiff to provide details about when the plaintiff applied for a job, what that job was, when he was rejected, or the contents of the rejection.[13] Hallcon asserts that the plaintiff did not add any allegations supporting his retaliation claim under a failure-to-hire theory.[14] But he has supplemented the complaint with facts supporting a claim for retaliation while he worked for Hallcon. The plaintiff stated that he complained of discrimination occurring in October through November 10, 2023, but received no response and was terminated on January 1, 2024.[15] This timeframe likely supports a causal link between the plaintiff's reporting discrimination and his termination. *See Bagley*, 647 F. App'x at 800–01.

Third, Hallcon contends that the court should strike the plaintiff's entire supplemental complaint because he added claims for religious accommodation and harassment, wrongful termination, and fraud without seeking leave of the court to do so.[16] The plaintiff counters that the new claims arise from the same employment relationship and events, adding them promotes judicial economy, and courts routinely allow related claims in supplemental pleadings.[17]

The court strikes claims five through seven from the supplemental pleading. A plaintiff may amend their pleadings as of right within twenty-one days of serving it or twenty-one days after the opposing party serves a responsive pleading. Fed. R. Civ. P. 15(a)(1). Other amendments require the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). While the court allowed the plaintiff to add allegations to his first amended complaint that the court did not call for, the court instructed the plaintiff to follow all court rules (including the Civil Local Rules and the Federal Rules of Civil Procedure) and to consult the help desk for assistance. The plaintiff has not done so with his supplemental complaint. Even if the court had granted the plaintiff leave to add

---

[13] *Id.* at 7–8.

[14] Mot. – ECF No. 59-1 at 14.

[15] Suppl. Compl. – ECF No. 50 at 13 (¶¶ 37, 39).

[16] Mot. – ECF No. 59-1 at 10–11.

[17] Opp'n – ECF No. 71 at 5.

United States District Court
Northern District of California

new claims, the court would still dismiss his claim for religious discrimination because he did not name the alleged conduct in his EEOC complaint.[18] The plaintiff must move for leave to amend if he wishes to add additional claims or facts.

### 2. Sanctions

Hallcon asserts that the plaintiff's supplemental complaint is frivolous and violates the court's order and that the court should strike the entire supplemental complaint, preclude him from filing further frivolous pleadings, and order him to pay $3,450 in attorney's fees.[19] The plaintiff responds that sanctions are inappropriate because he filed the supplemental complaint in good faith and Hallcon did not follow Rule 11's safe-harbor rule.[20] The court declines to impose sanctions on this record.

When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to insure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on." (cleaned up))). "The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) ("The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed.") (citing *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review.")). The court's decision whether to impose sanctions under Rule 11 lies within its discretion. *See Islamic Shura Council of*

---

[18] Mot. – ECF No. 59-1 at 18; EEOC Charge – ECF No. 1 at 13.

[19] *Id.* at 19–20.

[20] Opp'n – ECF No. 71 at 6–9.

*S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014). The court exercises its discretion and denies Hallcon's motion.

Rule 11 provides in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.
>
>> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

In applying this rule, the Ninth Circuit "has identified two circumstances in which sanctions [under Rule 11] are appropriate: [(1)] where a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and [(2)] where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) (citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830–32 (9th Cir. 1986)); *see Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

"Where a complaint is in question, the 'improper purpose' analysis is not necessary because a

non-frivolous complaint cannot be said to be filed for an improper purpose." *Greenberg*, 822 F.2d at 885 (citing *Golden Eagle*, 801 F.2d at 1538; *Zaldivar*, 780 F.2d at 832); *cf. In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) (papers other than complaints may be filed for an improper purpose even though they are not frivolous). Thus, only the "frivolous" analysis is necessary when determining whether a complaint subjects a party or attorney to Rule 11 sanctions.

Here, the plaintiff added facts in his supplemental complaint addressing at least some of the issues identified in the court's prior order. Thus, the supplemental complaint is not entirely frivolous. The court denies the motion to impose sanctions.

### 3. Attorney's Fees

Google moves for attorney's fees, contending that (1) the two cases that the plaintiff filed against it (this one and No. 3:25-cv-07093-LB) after settling his earlier case in May 2025 (No. 3:24-cv-07984-LB) were frivolous and (2) the plaintiff engaged in other frivolous filings.[21] The plaintiff asserts that his filings were made in good faith and that imposing Google's requested fees ($13,470) would cause him financial ruin.[22] The court denies the motion.

The federal statutes authorize fees for the claims in the complaint. 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205; 42 U.S.C. § 1988(b). "The Supreme Court has explained that, in civil rights cases, the district court's discretion is limited." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (cleaned up). Attorney's fees to prevailing defendants are awarded "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This is because, even when unsuccessful, civil rights suits:

> provide an important outlet for resolving grievances in an orderly manner and achieving non-violent resolutions of highly controversial, and often inflammatory, disputes. . . . Our system of awarding attorneys fees in civil rights cases is in large part dedicated 'to encouraging individuals injured by . . . discrimination to seek judicial relief.'

---

[21] Mot. – ECF No. 55 at 5–6.

[22] Opp'n – ECF No. 79 at 8–9.

*Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011).

Even if the court decided that the plaintiff's claims against Google were frivolous, the court declines to award Google attorney's fees. Google cites as support *Lenk v. Monolithic Power Systems, Inc.*, where the plaintiff filed four law suits against the same defendant over five years, and the court granted the defendant attorney's fees after the second and fourth cases were dismissed as barred by res judicata.[23] No. 20-CV-08094-BLF, 2022 WL 824233, at *1–4 (N.D. Cal. Mar. 18, 2022). But *Lenk* is distinguishable because, here, the plaintiff's first two law suits were settled and not decided on the merits, and he filed the two allegedly frivolous law suits against Google within two months of each other (August and October 2025). Thus, the court denies the motion, and the plaintiff's application to stay proceedings is moot.

### 4. Motion to Reconsider

The court dismissed the plaintiff's claims against Google as barred by res judicata (the parties settled a previous case involving the same facts and released all related claims) and entered judgment in Google's favor.[24] The plaintiff moves for reconsideration, contending that the court erred in addressing (1) whether the court should have entered default judgment against Google, (2) whether Google should be barred from proceeding in the case for failing to "respond to the plaintiff's Complaint within twenty-one days," (3) whether his "motion to reopen the prior action under Rule 60(b) . . . should bar Res Judicata," (4) whether someone of Thai origin is protected under 42 U.S.C. § 1981, (5) whether the plaintiff was "a victim of a promissory fraud and a contractual fraud" by Google, (6) whether he should "still have an opportunity to pursue the current action with a new" § 1981 claim, (7) whether Google was "a joint employer or active in concert to commit unlawful acts including a promissory fraud and a contractual fraud against the plaintiff," (8) whether res judicata "does not apply to the current action due to the parties' raising claims and

---

[23] Mot. – ECF No. 55 at 8.

[24] Order – ECF No. 47; Judgment – ECF No. 49.

United States District Court
Northern District of California

defenses under Title VII but not under [§ 1981] in the prior actions," and (9) whether Google can be barred from raising a defense in this case that it did not raise in one of the prior cases.[25]

Google responds that the court should deny the motion because (1) the plaintiff failed to request leave to file a motion for reconsideration under Civil Local Rule 7-9(a), (2) the plaintiff failed to establish one of the bases for granting leave, and (3) the court properly dismissed the claims against Google.[26]

The court denies the motion.

A district court can "reconsider" final judgments or appealable interlocutory orders under Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

The plaintiff has not satisfied this standard. He only raises what he believes were errors by the court. His arguments are not persuasive. The Clerk of Court denied the plaintiff's request for entry of default against Google, and thus, the court denied the plaintiff's motion for default judgment and allowed Google to proceed in the case. The plaintiff's other alleged errors do not change the result either: his claims (including a claim under 42 U.S.C. § 1981) are barred by res judicata because (1) the claims stem from the same set of facts from a previously settled case against Google, (2) he alleged no facts against Google occurring after the date of settlement, and (3) he could have brought those claims in the prior suit.

The plaintiff contends that the court erred because it allowed him to amend his complaint in a separate action (No. 3:25-cv-7093) to assert conduct by Google after the May 2025 settlement

---

[25] Mot. – ECF No. 54 (cleaned up).

[26] Opp'n – ECF No. 60.

supporting a § 1981 claim for discrimination but did not allow the plaintiff to do so in this case. Since the plaintiff filed his motion to reconsider, the court has granted Google's motion to dismiss with prejudice the plaintiff's § 1981 claims in No. 3:25-cv-7093 after giving him leave to amend.[27] Thus, any error in not allowing the plaintiff to supplement his complaint with facts supporting his § 1981 claims is harmless.

## CONCLUSION

The court dismisses the plaintiff's ADA and ADEA claims (claims three and four) with prejudice and strikes his claims for harassment and failure to accommodate his religious practices, wrongful termination, and fraud (claims five, six, and seven). The retaliation claims (claims one and two) against Hallcon survive. The plaintiff must move for leave to amend if he wishes to add additional claims or facts. The court denies Hallcon's motion for sanctions and Google's motion for attorney's fees. The plaintiff's application for a stay of proceedings is terminated as moot. This resolves ECF Nos. 54, 55, 59, and 78.

**IT IS SO ORDERED.**

Dated: May 14, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[27] Order, 25-cv-7093 – ECF No. 69.